UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

SAMUEL TIGGS

                                         Plaintiff,

-against-    Docket #07-CV-7254

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F.
HORN, PRISON HEALTH SERVICES, INC., MICHAEL
CATALANO, C.E.O. OF PRISON HEALTH SERVICES,    ECF CASE
INC., DOHMH MEDICAL DIRECTOR TREVOR
PARKS, DOHMH PROGRAM DIRECTOR REBECCA
PINNEY, DOHMH DEPUTY COMMISIONER JAMES
CAPOZIELLO, DOHMH MEDICAL DIRECTOR
DOCTOR BENJAMIN OKONTA, DR. FRANTZ
MEDARD, PRISON HEALTH SERVICES, INC.,
NURSES JOHN DOE 1-5, PRISON HEALTH
SERVICES, INC., DOCTORS JOHN DOE 1-5, PRISON
HEALTH SERVICES, INC., PHYSICIANS'
ASSISTANTS 1-5, PRISON HEALTH SERVICES, INC.,
PHARMACISTS JOHN DOE 1-5, DEPARTMENT OF
CORRECTION EMPLOYEES, JOHN DOE 1-5,

                                           Defendants.

-------------------------------------------------------------- x

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Stoll, Glickman & Bellina, LLP
By: Cynthia Conti-Cook, CC0778
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710 (phone)
(718) 852-3586 (fax)
cynthiaconticook@gmail.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. 3

STATEMENT OF CASE .................................................................................... 4

ARGUMENT ...................................................................................................... 4

I. THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS BECAUSE DEFENDANTS WERE DELIBERATELY INDIFFERENT IN REPEATEDLY REFUSING PLAINTIFF EVALUATION AND TREATMENT FOR A CONDITION THAT DEGENERATED AND CAUSED PLAINTIFF EXTREME PAIN ................................................................................. 4

    A. Plaintiff's Injury, an Insect Bite on His Finger, Was a Serious Medical Need Because It Was a Degenerative Condition Which Resulted in Further Significant Injury and More Intrusive Treatment ................................................................................. 5

    B. Defendants Were Deliberately Indifferent Because They Consciously Disregarded Plaintiff's Serious Medical Needs ................................................................................. 7

II. THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION BECAUSE PLAINTIFF HAS SUFFICIENTLY PLEADED A CLAIM FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 ................................................................................. 9

III. THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S RESPONDEAT SUPERIOR CLAIMS BECAUSE PLAINTIFF DOES NOT SEEK RELIEF AGAINST THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS UNDER § 1983 BASED ON A THEORY OF RESPONDEAT SUPERIOR ................................................................................. 11

CONCLUSION ................................................................................................. 11

## TABLE OF AUTHORITIES

### Cases

Abbas v. Dixon, 480 F.3d 636 (2d Cir. 2007) ............................................................. 4
Bishop v. Stoneman, 508 F.2d 1224 (2d Cir. 1974) ..................................................... 9
Brock v. Wright, 315 F.3d 158 (2d Cir. 2003) ......................................................... 6, 7
Chance v. Armstrong, 143 F.3d 698 (2d Cir. 1998) ............................................... 5, 6, 8
Estelle v. Gamble, 429 U.S. 97 (1976) ........................................................................ 5
Harrison v. Barkley, 219 F.3d 132 (2d Cir. 2000) ................................................. 5, 6, 7
Hathaway v. Coughlin, 37 F.3d 63 (2d Cir. 1994) ....................................................... 5
In re Initial Public Offering Securities Litigation, 241 F.Supp.2d 281 (S.D.N.Y. 2003) ............................................................................................................... 4
Leacock v. New York City Health Hosp. Corp., 2005 WL 1027152 (S.D.N.Y. 2005) ................................................................................................................... 6
Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993) ............................................................................................. 10
Sorlucco v. New York City Police Dept., 971 F.2d 864 (2d Cir. 1992) ...................... 10
Todaro v. Ward, 565 F.2d 48 (2d Cir. 1977) ............................................................... 9

### Statutes

42 U.S.C. § 1983 ............................................................................................ 5, 7, 10, 11
Fed.R.Civ.P. 8(a)(2) ............................................................................................... 4, 9-10

## STATEMENT OF CASE

During plaintiff's incarceration on Riker's Island he suffered an insect bite on his finger. Plaintiff's Compl. ¶ 21 (hereafter "Compl."), attached as Ex. A. On May 15, 2006, and for several days that following week, Plaintiff repeatedly sought medical attention for the bite, which gradually became infected. Ex. A ¶ 22. Defendants repeatedly refused plaintiff any evaluation or treatment until plaintiff's injury degraded to the point of requiring hospitalization on May 22, 2007 and more than two weeks of intensive treatment at an outside hospital. Ex. A ¶¶ 21-22. Plaintiff experienced physical pain and suffering as a result of defendants' deliberate indifference. Ex. A. ¶ 26(g).

## ARGUMENT

The Court should deny defendants' motion to dismiss because plaintiff's complaint complies with the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). See also Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007). A complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts. In re Initial Public Offering Securities Litigation, 241 F.Supp.2d 281, 323 (S.D.N.Y. 2003) quoting Higgs v. Carver, 286 F.3d 437, 439 (7th Cir.2002).

I.  THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS BECAUSE DEFENDANTS WERE DELIBERATELY INDIFFERENT IN REPEATEDLY REFUSING PLAINTIFF EVALUATION AND TREATMENT FOR A CONDITION THAT DEGENERATED AND CAUSED PLAINTIFF EXTREME PAIN

4

Medical staff and correction officers at Riker's Island violated plaintiff's rights by repeatedly ignoring plaintiff's requests for medical attention for an insect bite. Defendants' deliberate indifference to plaintiff's degenerative condition gives plaintiff a cause of action pursuant to 42 U.S.C. §1983.

To state a claim under § 1983 for deprivation of medical treatment in violation of the Eighth Amendment, a plaintiff must show that the defendant acted with "deliberate indifference to serious medical needs." Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000) citing Estelle v. Gamble, 429 U.S. 97, 104 (1976); Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir.1998).

    A. <u>Plaintiff's Injury, an Insect Bite on His Finger, Was a Serious Medical Need Because It Was a Degenerative Condition Which Resulted in Further Significant Injury and More Intrusive Treatment</u>

Plaintiff's condition was a degenerating one that, without examination or treatment, caused plaintiff extreme pain, and caused him to undergo more invasive treatment. A serious medical condition exists where "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000) citing Chance v. Armstrong, 143 F.3d 698 at 702 (2d Cir. 1998). The standard for Eighth Amendment violations contemplates "a condition of urgency" that may result in "degeneration" or "extreme pain." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) citing Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir.1994). The Second Circuit has "long held that 'the Eighth Amendment forbids not only deprivations of medical care that produce physical torture and lingering death, but also less serious denials which cause or perpetuate pain.'"

5

Brock v. Wright, 315 F.3d 158, 163 (2d Cir. 2003) quoting Todaro v. Ward, 565 F.2d 48, 52 (2d Cir.1977).

In determining whether a serious medical need exists, the Second Circuit has noted several factors for courts to consider, including "'[the] existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Leacock v. New York City Health Hosp. Corp., 2005 WL 1027152, 3 (S.D.N.Y. 2005) (Mag. J. Gorenstein) (finding Rikers inmate's swollen finger that eventually required surgery a sufficiently serious injury to withstand a motion to dismiss) quoting Chance v. Armstrong, 143 F.3d at 702.

In Harrison, the Second Circuit considered an inmate who needed a cavity filled. Harrison v. Barkley, 219 F.3d at 134. When the prison dentist finally evaluated Harrison's tooth, he effectively refused to fill the tooth cavity until another tooth was removed. Id. While the Court recognized that "[ordinarily] a tooth cavity is not a serious medical condition" (Id. at 137), "a tooth cavity is a degenerative condition, and if it is left untreated indefinitely, it is likely to produce agony and to require more invasive and painful treatments." Id.

In Brock, the Second Circuit considered an inmate requesting a referral to a dermatologist when a cheek laceration began to produce keloid. Brock v. Wright, 315 F.3d at 161. The prison medical staff considered the injury 'cosmetic' and refused to grant his request. Id. at 161-162. Taking the plaintiff's facts as true, the Court denied defendants' motion for summary judgment because "Brock has alleged that his scar is a

source of chronic pain that interferes with his ability to conduct tasks associated with daily living." Id at 163.

Like Harrison's cavity and Brock's laceration, here, plaintiff had a condition, an insect bite, which normally does not degenerate into an extremely painful condition because it is often "so easily treatable." Harrison at 137. Nonetheless, left completely unexamined or untreated, an insect bite may degenerate into a condition that produces "agony and [requires] more invasive and painful treatments." Id. Especially in jail, where staph and other infections are prevalent, an untreated insect bite may degenerate into an even more serious injury. Indeed, within the week of defendants' repeated refusals to examine, let alone treat plaintiff, his condition did degenerate. Similar to Leacock's finger injury, plaintiff also eventually required hospitalization and surgery (Ex. A ¶ 22) and experienced physical pain and suffering (Ex. A ¶ 26(g)).

Therefore, plaintiff's cause of action under 42 U.S.C. § 1983 should not be dismissed because the medical condition plaintiff presented to defendants was degenerative and led plaintiff to suffer extreme pain and more intrusive treatments.

B.  <u>Defendants Were Deliberately Indifferent Because They Consciously Disregarded Plaintiff's Serious Medical Needs</u>

Defendants' completely and repeatedly refused plaintiff an examination and treatment of his serious medical need, in complete disregard for the substantial risk that plaintiff's pain would be perpetuated and that his injury would require more invasive treatment. Defendants mislead the Court by construing plaintiff's claims as mere disagreement with defendants' "evaluation" of the insect bite (Defendant's Memo. of Law at 5, attached as Ex. B) when plaintiff's complaint clearly states that defendants

7

"effectively repeatedly denied *evaluation and treatment* for an insect bite on [plaintiff's] hand." Ex. A ¶ 21.

The subjective element of the deliberate indifference test "requires more than negligence, but less than conduct undertaken for the very purpose of causing harm." Leacock v. New York City Health Hosp. Corp., supra, quoting Hathaway v. Coughlin, 37 F.3d 58, 63 (2d Cir.1994). "[Certain] instances of medical malpractice may rise to the level of deliberate indifference; namely, when the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm. Accordingly, not every instance of medical malpractice is, *a priori*, precluded from constituting deliberate indifference." Id., citing Hathaway v. Coughlin ("Hathaway II"), 99 F.3d 550, 553 (2d Cir. 1996) and Chance v. Armstrong, 143 F.3d at 703.

Here, plaintiff was completely denied a medical examination and completely denied treatment of the condition he determined was worthy of medical treatment until the problem was so advanced it caused permanent scarring and disfigurement. In addition, he repeatedly requested medical attention and was repeatedly denied an examination as the infection became worse. Ex. A ¶ 21. Even if the Court believes that defendants' initial refusal to examine plaintiff only rises to the level of medical malpractice, the increasing severity of the bite throughout the week, plaintiff's continuing requests, and the defendants' continuing refusals constitute a pattern of conduct amounting to deliberate indifference. Id. It is "well-settled in this circuit that 'a series of incidents closely related in time... may disclose a pattern of conduct amounting to

8

deliberate indifference to the medical needs of prisoners." Todaro v. Ward, 565 F.2d 48, 52-54 (2d Cir. 1977) quoting Bishop v. Stoneman, 508 F.2d 1224 (2d Cir. 1974).

Therefore, plaintiff's cause of action under 42 U.S.C. § 1983 should not be dismissed because defendants were deliberately indifferent to plaintiff's serious medical needs when they completely and repeatedly disregarded plaintiff's condition despite the substantial risk of degeneration, which led to serious and permanent harm and more invasive treatment, violating his constitutional right to be free of denials to medical attention that cause or perpetuate pain.

II. THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION BECAUSE PLAINTIFF HAS SUFFICIENTLY PLEADED A CLAIM FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

Defendants again mislead the Court by claiming that plaintiff's pleadings only state "in a mere conclusory manner" that defendants "knew of the well-publicized failures of Prison Health Services in delivering professional health care services in correctional institutions" (Ex. B at 8). Defendants also wrongfully assert a standard of proof requirement at the pleading stage of litigation, claiming that because "[plaintiff] [has] not shown the existence of an officially adopted policy which caused the alleged violations" or "that an official responsible for establishing final policy took action which caused the alleged violations" that plaintiff's "mere conclusory and unsupported allegation that defendants knew or should have known about alleged failures is not sufficient as a matter of law". Ex. B at 9.

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, pleadings require "a short and plain statement of the claim showing that the pleader is entitled to relief."

9

Fed.R.Civ.P. 8(a)(2). The United States Supreme Court has explicitly rejected a heightened pleading standard for plaintiffs bringing municipal liability claims in civil rights actions. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166-167, 113 S.Ct. 1160, 1162 (1993) quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

Plaintiff's pleadings, paragraphs 30 - 41 sufficiently allege municipal liability on behalf of the City of New York for the violations of plaintiff's constitutional rights. A municipality may be liable under §1983 when constitutional violations are "permanent and widespread" (Sorlucco v. New York City Police Dept., 971 F.2d 864, 870 (2d Cir. 1992) "even though such custom has not received formal approval through the body's official decisionmaking channels." Id.

Here, plaintiff has pleaded that the City and policymaking officials were aware that "Prison Health Services has failed to perform under its contracts to provide adequate healthcare in the prisons and jails it services" from "newspaper articles, internal reviews, investigations, lawsuits, notices of claim and inmate complaints" and that the City and policymaking officials have failed to correct these failures, even though they result in violations of inmates' constitutional rights. Ex. A ¶ 33. The pleadings include that the City and policymaking officials "knew or should have known that the personnel who caused plaintiff injury had a propensity for the type of conduct that took place in this case" and failed to take corrective action. Ex. A ¶ 34. Plaintiff also pleaded that the City and policymaking officials failed to take steps "to discipline, train, supervise or otherwise correct the improper, illegal conduct" of defendants. Ex. A ¶ 35. Finally, the pleadings also include that the "above described polices and customs demonstrate deliberate

indifference" by the City and policymaking officials "and caused the violations of plaintiff's constitutional rights." Ex. A. ¶ 39.

Therefore, the Court should dismiss defendants' motion to dismiss plaintiff's second cause of action because plaintiff has sufficiently pleaded municipal liability for his constitutional violations.

III.   THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S RESPONDEAT SUPERIOR CLAIMS BECAUSE PLAINTIFF DOES NOT SEEK RELIEF AGAINST THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS UNDER § 1983 BASED ON A THEORY OF RESPONDEAT SUPERIOR

Plaintiff does not attempt to seek relief under § 1983 against the municipality on a theory of respondeat superior; but rather, plaintiff holds the City liable for plaintiff's constitutional violations under a theory of municipal liability. Plaintiff does, however, hold the City, policymaking officials, and Prison Health Services liable under a theory of respondeat superior for violating plaintiff's rights under New York State law.

Therefore, the Court should deny defendants' motion to dismiss plaintiff's respondeat superior claims because plaintiff's respondeat superior claims concern state law violations and not the federal constitutional violations.

## CONCLUSION

Prison Health Services and Department of Correction staff on Riker's Island consciously disregarded the insect bite on Mr. Tiggs' finger, a disregard that they knew was likely to lead to serious degeneration and injury, which did indeed occur. This is exactly the sort of indifference that violates the constitutional protection afforded by the

11

Eighth Amendment and easily satisfies the liberal pleading requirements of the federal rules. Defendants' motion should be denied.

DATED:   Brooklyn, New York
         November 30, 2007

To:
John H. Bone, Esq.
Heidell, Pittoni, Murphy & Bach, LLP
Attorneys at Law
99 Park Avenue
New York, NY 10016
(212) 286-8585

BY: Cynthia Conti-Cook, Esq.
Bar #CC0778
Stoll, Glickman & Bellina, LLP
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
cynthiaconticook@gmail.com