UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SAMUEL TIGGS



Plaintiff,

**COMPLAINT AND JURY DEMAND**

-against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F.
HORN, PRISON HEALTH SERVICES, INC., MICHAEL
CATALANO, C.E.O. OF PRISON HEALTH SERVICES,
INC., DOHMH MEDICAL DIRECTOR TREVOR
PARKS, DOHMH PROGRAM DIRECTOR REBECCA
PINNEY, DOHMH DEPUTY COMMISIONER JAMES
CAPOZIELLO, DOHMH MEDICAL DIRECTOR
DOCTOR BENJAMIN OKONTA, DR. FRANTZ
MEDARD, PRISON HEALTH SERVICES, INC.,
NURSES JOHN DOE 1-5, PRISON HEALTH
SERVICES, INC., DOCTORS JOHN DOE 1-5, PRISON
HEALTH SERVICES, INC., PHYSICIANS'
ASSISTANTS 1-5, PRISON HEALTH SERVICES, INC.,
PHARMACISTS JOHN DOE 1-5, DEPARTMENT OF
CORRECTION EMPLOYEES, JOHN DOE 1-5

Docket #

ECF CASE



Defendants.

------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §§1983, 1988 and Fourth, Eighth and Fourteenth Amendments and the laws and Constitution of the State of New York.

2. The claim arises from a request from plaintiff for examination and treatment of a serious physical injury made on or about May 15, 2006, and effective denials by defendants on or about May 15, 2006, for examination or treatment, culminating in serious physical consequences. During this period, defendants' employees, acting under color of state law, were

deliberately indifferent to plaintiff's serious medical needs, of which they were made aware.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York. He was a sentenced inmate at the time of the incident in the custody of the New York City Department of Correction ("D.O.C.") and was being held at George Motchan Detention Center ("G.M.D.C."), which is located in Bronx County.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Department of Correction Commissioner Martin Horn ("Horn") was at all times here relevant the Commissioner of the D.O.C., and, as such, was a policy maker with respect to choosing which healthcare professionals to service the jails and other facilities on Riker's Island and other D.O.C. facilities. On information and belief, Commissioner Horn was responsible for the policy, practice, supervision, implementation, and conduct of all D.O.C.

matters, including supervision over the performance by healthcare providers, including the defendants here referenced. Commissioner Horn is also responsible for the care, custody, and control of all inmates housed in the D.O.C. jails. As Commissioner, Horn is provided with reports of the standards of medical care being met, or not, by the healthcare providers. Defendant Horn is sued in his official capacity.

10. The City of New York delegates to the Department of Health and Mental Hygiene (DOHMH) the responsibility of providing medical care for prisoners. DOHMH has contracted with Prison Health Services Corporation (PHS) to satisfy that responsibility. Correctional Health Services is an agency under the control of DOHMH to oversee the services provided by PHS.

11. Deputy Commissioner Campoziello and Dr. Okonta were, at all times here relevant, employees of Correctional Health Services within DOHMH and, as such, were policy makers with respect to medical treatment as well as supervisors of direct medical care provided by PHS. Medical Director Parks and Program Director Pinney were, at all times here relevant, employees of PHS and, as such, were policy makers with respect to medical treatment as well as supervisors of direct medical care provided.

12. Prison Health Services, Inc. ("P.H.S.") is private corporation that delivers healthcare and pharmaceutical services to jails and prisons across the country to over 185,000 prisoners and detainees. P.H.S. has been the healthcare and pharmaceutical services provider for D.O.C. jails since 2001. P.H.S. is sued in its individual corporate capacity.

13. Michael Catalano is the Chief Executive Officer ("C.E.O.") of P.H.S., and as such, is responsible for accountability, providing quality healthcare, and meeting professional standards of healthcare services in the institutions that P.H.S. services. Michael Catalano was the C.E.O. of P.H.S. on or about May 15, 2006.

14. Frantz Medard was an employee of P.H.S. and was working on or about May 15, 2006.

15. All other individual defendants ("the P.H.S. defendants") are employees of P.H.S. and are sued in their individual capacities.

16. All other individual defendant officers ("defendant officers") are employees of D.O.C. and are sued in their individual capacities.

17. At all times defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

18. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## CERTIFICATE OF MERIT

19. Pursuant to CPLR §3012-a, a Certificate of Merit is attached, affirming that plaintiff has spoken with at least one doctor and has a reasonable basis to bring a medical malpractice cause of action.

## JOINT LIABILITY

20. This action falls within one or more of the exceptions set forth in CPLR §1602.

## FACTUAL ALLEGATIONS

21. On or about May 15, 2006, while plaintiff was incarcerated in G.M.D.C. facility on Riker's Island, plaintiff repeatedly asked defendants for, and was effectively repeatedly denied,

4

evaluation and treatment for an insect bite on his hand.

22. As a direct result of not receiving the evaluation or treatment, he suffered infection, swelling, and immobility, after which he was immediately hospitalized for more than two weeks.

23. During all of the events above described, defendants acted with deliberate indifference towards plaintiff's serious medical needs in denying him medical attention.

24. During all of the events above described, defendants had knowledge of plaintiff's serious medical needs.

25. During all of the events above described, defendants' actions deviated from the reasonable standard of care for the medical community.

26. As a direct and proximate result of defendants' actions, plaintiff suffered the following injuries and damages:

   a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

   b. Violation of his rights under the Fourth Amendment to the United States Constitution;

   c. Violation of his rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment;

   d. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   e. Violation of his New York State Constitutional rights under Article 1, Section 12;

   f. Violation of his New York State Constitutional right under Article 1, Section 5 to be free of Cruel and Unusual Punishment;

   g. Physical pain and suffering;

h. Emotional trauma and suffering, including fear, emotional distress, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

27. The above paragraphs are here incorporated by reference.

28. Defendants acted under color of law to deprive plaintiff of his civil, constitutional and statutory rights to due process of law pursuant to the Eighth, Fourteenth and Fourth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983 and §§ 5, 6 and 12 of the New York State Constitution.

29. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

30. The above paragraphs are here incorporated by reference.

31. The City, Catalano, and the Commissioners are liable for the damages suffered by plaintiff as a result of the conduct of their sub-contractors, Prison Health Services.

32. The City, Catalano, and the Commissioners knew or should have known of the numerous and well-publicized failures of Prison Health Services in delivering professional health care services in correctional institutions.

33. The aforesaid event was not an isolated incident. The City, Catalano, and the Commissioners have been aware for some time (from newspaper articles, internal reviews, investigations, lawsuits, notices of claim and inmate complaints) that Prison Health Services continually has failed to perform under its contracts to provide adequate healthcare in the prisons and jails it services. The City, Catalano, and the Commissioners have insufficiently addressed or

corrected Prison Health Services for inadequately performing under its contract and have renewed its contract with the City despite P.H.S.'s failure to meet reasonable standards of care in the medical community. The City, Catalano, and the Commissioners are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights and medical malpractice. Despite such notice, the City, Catalano, and Commissioners have failed to take corrective action. This failure and these policies caused the violations of plaintiff's civil and constitutional rights, without fear of reprisal or loss of contract renewal.

34. The City, Catalano, Warden Gonzalez, Deputy Commissioner Capoziello, Medical Director Okonta, Medical Director Parks, and Program Director Pinney knew or should have known that the personnel who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, Catalano, Deputy Commissioner Capoziello, Medical Director Okonta, Medical Director Parks, and Program Director Pinney failed to take corrective action.

35. The City, Catalano, Warden Gonzalez, Deputy Commissioner Capoziello, Medical Director Okonta, Medical Director Parks, and Program Director Pinney have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

36. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City, Catalano, Warden Gonzalez, Deputy Commissioner Capoziello, Medical Director Okonta, Medical Director Parks, and Program Director Pinney to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

37. Deputy Commissioner Capoziello, Medical Director Okonta, Medical Director Parks,

and Program Director Pinney had actual and constructive knowledge of the constitutional deprivation but demonstrated deliberate indifference by failing to act. Deputy Commissioner Capoziello, Medical Director Okonta, Catalano, Medical Director Parks, and Program Director Pinney damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving deliberate indifference to serious medical needs of prisoners.

38. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, Warden Gonzalez, Deputy Commissioner Capoziello, Medical Director Okonta, Catalano, Medical Director Parks, and Program Director Pinney.

39. The above described policies and customs demonstrate a deliberate indifference on the part of policymakers of the City, Catalano, and the Commissioners to the constitutional rights of persons within New York City, and caused the violations of plaintiff's constitutional rights.

40. The City, Catalano, and the Commissioners have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving healthcare malpractice.

41. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, Catalano, and the Commissioners.

### THIRD CAUSE OF ACTION
(DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS)

42. The above paragraphs are here incorporated by reference.

43. Defendants have acted under color of law to deprive plaintiff of his civil, constitutional and statutory rights to due process of law pursuant to the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and are liable to plaintiff under 42 USC §1983

and the New York State Constitution.

44. Defendants knew plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to evaluate plaintiff's insect bite.

45. Defendants' deliberate indifference to plaintiff's medical condition caused plaintiff to sustain serious injuries, including swelling, infection, and immobility.

46. Defendants' repeated failures at evaluating or treating plaintiff's prescriptions despite plaintiff's repeated requests constituted deliberate disregard towards plaintiff's serious medical needs and the substantial risk of serious harm he faced.

47. Plaintiff was damaged by the deliberate indifference of the defendants.

## FOURTH CAUSE OF ACTION
### (MEDICAL MALPRACTICE)

48. The preceding paragraphs are here incorporated by reference.

49. The defendant doctors, physicians' assistants, nurses, pharmacists, and other medical and pharmaceutical staff of Prison Health Services owed plaintiff a duty of care to provide him with medications in accordance with the accepted standards of care in the community and to use in their evaluation and care of plaintiff approved methods in general use, to use reasonable care and skill, and to use their best judgment in the evaluation and care of plaintiff to determine whether he required a renewal of his prescription medications and to promptly provide him with such prescribed medications if the renewal was found to be required.

50. The defendant doctors, physicians' assistants, nurses, pharmacists, and other medical staff breached that duty in negligently and carelessly neglecting to heed the plaintiff's condition and his repeated requests for evaluation and treatment of his insect bite, in negligently departing from accepted practices in failing to respond to patients' documented needs and in failing to

follow good practice by refusing to evaluate or treat his insect bite, which was necessary for plaintiff to maintain good health and, thereby, defendants failed to properly evaluate and care for plaintiff.

51. The actions and omissions of these defendant doctors, physicians' assistants, nurses, pharmacists, and other medical and pharmaceutical staff caused plaintiff to suffer physical and emotional injury.

## FIFTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

52. All preceding paragraphs are here incorporated by reference.

53. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§5, 6 and 12 of the New York State Constitution.

54. A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## SIXTH CAUSE OF ACTION
(NEGLIGENCE)

55. All preceding paragraphs are here incorporated by reference.

56. Defendants had a duty to plaintiff to use reasonable care in promptly assessing and providing his medical needs.

57. Defendants repeatedly breached that duty by failing to properly assess, prescribe, renew, and provide his necessary medications.

58. Defendants' failure to use reasonable care in assessing and providing plaintiff's medications actually and proximately caused plaintiff's swelling, infection, and immobility in his hand, resulting in serious physical injury.

59. Plaintiff was seriously injured as a result of defendants' negligence.

## SEVENTH CAUSE OF ACTION
(NEGLIGENT HIRING & RETENTION – as to D.O.C. and Correction Officers)

60. The above paragraphs are here incorporated by reference.

61. Defendant officers had a negligent disposition and the D.O.C. knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' negligent dispositions through the hiring process.

62. Defendants City and D.O.C. knew or should have known that their failure to investigate defendant officers' negligent dispositions would lead to plaintiff's injury.

63. Defendants City and D.O.C. were negligent in their hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to act negligently.

64. Defendants City and D.O.C. have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

## EIGHTH CAUSE OF ACTION
(NEGLIGENT HIRING & RETENTION – as to P.H.S. and its medical staff)

65. The above paragraphs are here incorporated by reference.

66. Defendants' medical staff had a negligent disposition and P.H.S. knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant medical staff's negligent dispositions through the hiring process.

67. Defendant P.H.S. knew or should have known that their failure to investigate defendant medical staff's negligent dispositions would lead to plaintiff's injury.

68. Defendant P.H.S. were negligent in their hiring and retaining the medical staff involved in this case in that they knew or should have known of the medical staff's propensity to act negligently.

69. Defendant P.H.S. has deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and the New York State Constitution.

### NINTH CAUSE OF ACTION
(NEGLIGENT HIRING & RETENTION – as to City of New York, DOHMH, and PHS)

70. The above paragraphs are here incorporated by reference.

71. Defendant P.H.S. had a record of negligence and P.H.S. knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant P.H.S.'s record of negligence through the contracting process.

72. Defendant D.O.H.M.H. knew or should have known that its failure to investigate defendant P.H.S.'s negligent record would lead to plaintiff's injury.

73. Defendant D.O.H.M.H. was negligent in its contracting and retaining the P.H.S. defendant involved in this case in that it knew or should have known of the corporation's propensity to act negligently.

74. Defendant D.O.H.M.H. has deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and the New York State Constitution.

### TENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR – as to City of New York and DOC Correction Officers)

75. The above paragraphs are here incorporated by reference.

76. Defendant officers' intentional and negligent tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

77. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

### ELEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR – as to City of New York and P.H.S.)

78. The above paragraphs are here incorporated by reference.

79. Defendant P.H.S.'s intentional and negligent tortious acts were undertaken within the scope of its contract by defendant City of New York and D.O.H.M.H. and in furtherance of the defendant City of New York's and D.O.H.M.H.'s interest.

80. As a result of defendant P.H.S.'s tortious conduct in the course of its contract and in furtherance of the business of defendant City of New York and D.O.H.M.H., plaintiff was damaged.

### TWELTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR – as to P.H.S. and its staff)

81. Defendant medical staff's intentional and negligent tortious acts were undertaken within the scope of its contract by defendant P.H.S. and in furtherance of the defendant P.H.S.'s interest.

82. As a result of defendant medical staff's tortious conduct in the course of their employment and in furtherance of the business of defendant P.H.S., plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

  A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

  B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

  C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
    August 14, 2007

TO: New York City
  Corporation Counsel Office
  100 Church Street, 4th floor
  New York, NY 10007

  Department of Correction Commissioner
  Martin Horn
  60 Hudson Street
  New York, NY 10013

  Deputy Commissioner James Capoziello
  New York City Correctional Health Services
  225 Broadway 23rd Fl
  New York, NY 10007

  Medical Director Dr. Benjamin Okonta
  New York City Correctional Health Services
  225 Broadway 23rd Fl
  New York, NY 10007

  Prison Health Services, Inc.
  125 White St

Yours, etc.,

*Cynthia Conti-Cook*
Bar #CC0778
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
cynthiaconticook@gmail.com

New York, NY 10013

Michael Catalano, CEO
Prison Health Services, Inc.
105 Westpark Dr. Suite 200
Brentwood TN 37027

Medical Director Trevor Parks
Prison Health Services Corporation
125 White Street
New York, NY 10013

Program Director Rebecca Pinney
Prison Health Services Corporation
125 White Street
New York, NY 10013

Dr. Frantz Medard
Prison Health Services, Inc.
125 White St
New York, NY 10013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

SAMUEL TIGGS

                                                Plaintiff,      **CERTIFICATE OF MERIT**

         -against-

                                                              Docket #

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F.
HORN, PRISON HEALTH SERVICES, INC., MICHAEL
CATALANO, C.E.O. OF PRISON HEALTH SERVICES,
INC., DOHMH MEDICAL DIRECTOR TREVOR
PARKS, DOHMH PROGRAM DIRECTOR REBECCA
PINNEY, DOHMH DEPUTY COMMISIONER JAMES
CAPOZIELLO, DOHMH MEDICAL DIRECTOR
DOCTOR BENJAMIN OKONTA, DR. FRANTZ
MEDARD, PRISON HEALTH SERVICES, INC.,
NURSES JOHN DOE 1-5, PRISON HEALTH
SERVICES, INC., DOCTORS JOHN DOE 1-5, PRISON
HEALTH SERVICES, INC., PHYSICIANS'
ASSISTANTS 1-5, PRISON HEALTH SERVICES, INC.,
PHARMACISTS JOHN DOE 1-5, DEPARTMENT OF
CORRECTION EMPLOYEES, JOHN DOE 1-5

                                                Defendants

------------------------------------------------------------- x

I, Cynthia Conti-Cook, plaintiff's attorney in this action, have consulted with at least one doctor who is knowledgeable on the relevant issue and I have concluded that there is a reasonable basis for the commencement of this action. Pursuant to CPLR 3012-a, I affirm this Certificate of Merit under penalties of perjury.

August 14, 2007

*[signature]*

Cynthia Conti Cook, CC0778
Stoll, Glickman & Bellina, LLP
71 Nevins Street
Brooklyn NY 11217
P. 718 852-3710
F. 718 852-3586
cconti-cook@stollglickman.com
www.stollglickman.com