UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SAMUEL TIGGS,

                        File No. 07-cv-07254(BSJ)(THK)

               Plaintiff,

     -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
PRISON HEALTH SERVICES, INC., MICHAEL
CATALANO, C.E.O. OF PRISON HEALTH SERVICES, INC.,
DOHMH MEDICAL DIRECTOR TREVOR PARKS, DOHMH
PROGRAM DIRECTOR REBECCA PINNEY, DOHMH
DEPUTY COMMISSIONER JAMES CAPOZIELLO,
DOHMH DEPUTY MEDICAL DIRECTOR BENJAMIN
OKONTA, DR. FRANZ MEDARD, PRISON HEALTH
SERVICES, INC., PHYSICIANS' ASSISTANTS, PRISON
HEALTH SERVICES. INC., PHARMACISTS JOHN DOE
1-5, DEPARTMENT OF CORRECTION EMPLOYEES,
JOHN DOE 1-5,

               Defendants.
-------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## PRE-ANSWER MOTION TO DISMISS

Of Counsel:
John H. Bone, Esq.

490964.1

HEIDELL, PITTONI, MURPHY & BACH, LLP
ATTORNEYS AT LAW
99 PARK AVENUE
NEW YORK, NEW YORK 10016
(212) 286-8585

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

PLAINTIFF'S CLAIMS ....................................................................................................... 1

ARGUMENT ........................................................................................................................ 2

POINT I ................................................................................................................................ 2

    PLAINTIFF FAILS TO STATE A 42 U.S.C. § 1983 CLAIM AGAINST THE MOVING DEFENDANTS ............................................................................................................. 2

        A. Plaintiff Fails to State a Claim for Deliberate Indifference ................................. 2

            i. Plaintiff has failed to allege a medical need that was "sufficiently serious." ........ 5

            ii. Plaintiff cannot demonstrate that the Moving Defendants acted with a sufficiently culpable state of mind. ................................................................................... 5

        B. Plaintiff has not demonstrated that a policy existed to deny plaintiff of his civil rights. 7

        C. A Plaintiff may not seek relief under Respondeat Superior against a municipality. ........ 9

        D. Plaintiff's state law claims should be dismissed for lack of pendent jurisdiction .......... 9

CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

## Cases

Blessing v. Freestone, 520 U.S. 329, 340 (1997) .................................................................3

Brown v. DeFrank, 2006 U.S. Dist. LEXIS 83345, at *54 (S.D.N.Y. Nov. 15, 2006) .........4, 8

Caldwell v. U.S., 992 F. Supp. 363, 366 (S.D.N.Y. 1998) .....................................................6

Chance v. Armstrong, 143 F.3d. 698, 702 (2d Cir. 1998) ......................................................3

City of St. Louis v. Praprotnik, 485 U.S. 112, 127-130 (1985) .............................................8

Coppinger v. Townsend, 398 F.2d 392, 394 (10th Cir. 1968) ................................................6

Culp v. Koenigsmann, 2000 U.S. Dist. LEXIS 10168 ........................................................4, 5

Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) ...........................................8, 9

Estelle v. Gamble, 429 U.S. 97 104, 50 L.Ed. 2d 251, 97 S. Ct. 285 (1976) ................3, 4, 7

Farmer v. Brennan, 511 U.S. 825 (1994) ...............................................................................3

Ford v. LeMire, No. 03-CV-10176-BC, 2004 WL 1234137, at *5 (E.D. Mich. June 1, 2004) ......5

Fulmore v. Mamis, 2001 U.S. Dist. LEXIS 4869, *26 (S.D.N.Y. April 23, 2001) ..................4

Harding v. Kuhlmann, 588 F. Supp. 1315, 1316 (S.D.N.Y. 1984), aff'd, 762 F.2d 990 (2d Cir. 1985) ...................................................................................................................................4, 6

Harrison v. Barklay, 219 F.3d 132 (2d Cir. 2000) .................................................................3

Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1994) ....................................................4, 5

Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998) ......................................................4

Kopec v. Coughlin, 767 F. Supp. 463, 465 (S.D.N.Y. 1990) ..................................................3

Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694 (1978) ............8, 9

Pembaur v. City of Cincinnati, 475 U.S. 469, 483-484 (1986) ..............................................8

Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994) ...............................................................9

Ross v. Kelly, 784 F. Supp. 35, 44-45 (W.D.N.Y. 1992) .........................................................6

490527.1

evaluation or treatment, he suffered infection swelling, and immobility, after which he was immediately hospitalized for more than two weeks." **Id** at 22. Plaintiff alleges that this constitutes "deliberate indifference to his serious medical needs[.]" **Id** at 23. Plaintiff claims that as a result of defendants' alleged deliberate indifference, his Fourth, Eighth and Fourteenth Constitutional Rights were violated as well as his rights secured under Article 1 sections 5, 6, and 12 of the New York Constitution.

The Complaint sets forth twelve causes of action: 1. 42 U.S.C. § 1983; 2. Municipal and Supervisor Liability; 3. Deliberate Indifference to Serious Medical Needs; 4. Medical Malpractice; 5. Constitutional Tort; 6. Negligence; 7. Negligent Hiring & Retention as to the DOC and Corrections Officers; 8. Negligent Hiring & Retention as to PHS and its medical staff; 9. Negligent Hiring & Retention as to the City of New York, DOHMH, and PHS; 10. Respondeat Superior - as to the City of New York and DOC Correction Officers; 11. Respondeat Superior as to the City of New York and PHS; and 12. Respondeat Superior as to PHS and its staff.

### ARGUMENT

### POINT I

### PLAINTIFF FAILS TO STATE A 42 U.S.C. § 1983 CLAIM AGAINST THE MOVING DEFENDANTS

A. **Plaintiff Fails to State a Claim for Deliberate Indifference**

Plaintiff alleges that he sought and was denied medical attention for an insect bite. Exh. "A" at 21. Plaintiff further asserts that as a result of the denial of medical attention for his insect bite, he suffered an infection. **Id** at 22. Then, after the infection appeared, plaintiff was "immediately hospitalized[.]" **Id**. Plaintiff asserts that this constitutes a violation of his civil rights. Nowhere in the Complaint does plaintiff sufficiently allege a cause of action against the

490527.1

2

Moving Defendants for civil rights violations and deliberate indifference to his medical needs. At best, plaintiff has asserted against the Moving Defendants a claim for medical malpractice which is not actionable under 42 U.S.C. § 1983.

42 U.S.C. § 1983 provides a plaintiff with a vehicle for the redress of violations of Civil Rights when such violations are carried out by persons acting under the color of state law. See 42 U.S.C. § 1983; and Blessing v. Freestone, 520 U.S. 329, 340 (1997). To state a claim under 42 U.S.C. § 1983 for deprivation of medical treatment in violation of the Eighth Amendment, a plaintiff must show that the defendant acted with deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97 104, 50 L.Ed. 2d 251, 97 S. Ct. 285 (1976); Harrison v. Barklay, 219 F.3d 132 (2d Cir. 2000); Chance v. Armstrong, 143 F.3d. 698, 702 (2d Cir. 1998). A mere "complaint that a physician has been negligent in diagnosing or treating a medical condition" does not constitute sufficient grounds for an Eighth Amendment claim. Kopec v. Coughlin, 767 F. Supp. 463, 465 (S.D.N.Y. 1990) (quoting Estelle, 429 U.S. at 106.)

For liability to attach, a plaintiff must show that the physician acted or failed to act with reckless disregard to plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). Further, plaintiff must show that the physician acted or failed to act with a "sufficiently culpable state of mind." Id. This standard applies to section 1983 claims arising under both the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment, and is not satisfied by allegations of mere negligence. Wilson v. Seiter, 501 U.S. 294, 298 (1991); Stubbs v. Dudley, 849 F.2d 83, 86 (2d Cir. 1998).

Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 429 U.S. at 105-06. "[T]he deliberate

490527.1

3

indifference standard embodies both an objective and a subjective prong." Brown v. DeFrank, 2006 U.S. Dist. LEXIS 83345, at *54 (S.D.N.Y. Nov. 15, 2006) quoting Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1994). The objective prong requires the deprivation to be "sufficiently serious." Id. at *23. "Eighth Amendment protection extends to a "'condition of urgency' that may result in 'degeneration' or 'extreme pain.'" Culp v. Koenigsmann, 2000 U.S. Dist. LEXIS 10168.,*23 quoting, Chance, 143 F.3d at 702. To satisfy his burden of proving "deliberate indifference," plaintiff must prove that: (1) there were intentional efforts by prison officials to delay his access to medical care at a time when he was in extreme pain; and that he made his medical problem known to attendant prison personnel; or (2) there was a complete denial of medical treatment; or (3) a reckless or callous indifference to his serious medical needs. Harding v. Kuhlmann, 588 F. Supp. 1315, 1316 (S.D.N.Y. 1984), aff'd, 762 F.2d 990 (2d Cir. 1985). The Supreme Court has held that the deliberate indifference standard is a high one, and will generally not be met by allegations of medical malpractice. Estelle, 429 U.S. at 105-106 (holding doctor's failure to perform x-ray or use additional diagnostic techniques on plaintiff with back injury does not constitute deliberate indifference but is at most medical malpractice).

"Subjectively, the charged official must act with a sufficiently culpable state of mind." Fulmore v. Mamis, 2001 U.S. Dist. LEXIS 4869, *26 (S.D.N.Y. April 23, 2001), quoting, Hathaway v. Coughlin, 99 F.3d at 553. "The required state of mind, equivalent to criminal recklessness, is that the official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.'" Id., quoting, Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998).

i. **Plaintiff has failed to allege a medical need that was "sufficiently serious."**

Plaintiff has failed to satisfy the objective prong of the deliberate indifference test. "Eighth Amendment protection extends to 'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" Culp v. Koenigsmann, 2000 U.S. Dist. LEXIS 10168.,*23, *supra*.

Plaintiff acknowledged that he was immediately hospitalized and treated for his infection, and accordingly, acknowledge that defendants did not withhold medical attention for this condition. Therefore, it appears that plaintiff alleges solely that defendants failed to properly evaluate his insect bite which, absent some showing of urgency, is not a sufficiently serious injury to satisfy the objective prong of the deliberate indifference test. See, e.g., Shire v. Greiner, 2007 WL 840472, *12 (S.D.N.Y.) (S.D.N.Y.,2007)(finding that an insect infestation does not satisfy the objective prong of the deliberate indifference test); Smith v. Sussex State Prison, No. 2:03CV00338, 2004 WL 3258275, at *5 (E.D.Va. Sept. 24, 2004) ("[E]ven if Plaintiff's spider bite claim survived the assertion of qualified immunity by the Custodial Defendants, it would likely fail the objective prong of the conditions of confinement test because the deprivation alleged was not sufficiently serious."); Ford v. LeMire, No. 03-CV-10176-BC, 2004 WL 1234137, at *5 (E.D. Mich. June 1, 2004) ("the delay in treating the plaintiff's spider bite did not amount to the deprivation of treatment for a 'serious' medical condition").

ii. **Plaintiff cannot demonstrate that the Moving Defendants acted with a sufficiently culpable state of mind.**

Plaintiff makes no showing that defendants acted with the requisite state of mind and therefore, fails to satisfy the subjective prong of the deliberate indifference test. "Deliberate indifference" involves "unnecessary and wanton infliction of pain, or other conduct that shocks the conscience." Hathaway, 99 F.3d at 553. To satisfy his burden of proving "deliberate

490527.1

5

indifference," a plaintiff must allege that: (1) there were intentional efforts by prison officials to delay his access to medical care at a time when he was in extreme pain; and that he made his medical problem known to attendant prison personnel; or (2) he must prove a complete denial of medical treatment; or (3) a reckless or callous indifference to his serious medical needs. Harding, 588 F. Supp. at 1316, *supra*.

"It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Chance 143 F.3d at 703. In United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970) an inmate brought an inadequate treatment claim because the facility doctor refused to administer the medication of the plaintiff's choice. In holding that the plaintiff's claim was insufficient to constitute a claim pursuant to § 1983, the court stated that:

> the prisoner's right is to medical care - not the type or scope of medical care which he personally desires. A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983.

429 F.2d at 867 (quoting Coppinger v. Townsend, 398 F.2d 392, 394 (10th Cir. 1968)). See also Ross v. Kelly, 784 F. Supp. 35, 44-45 (W.D.N.Y. 1992) ("prisoners do not have the right to the treatment of their choice[.]"); Caldwell v. U.S., 992 F. Supp. 363, 366 (S.D.N.Y. 1998) (holding that a plaintiff has "no constitutional interest in being treated at a particular facility or by a specific physician ... nor is plaintiff's disagreement as to the appropriate course of treatment sufficient to establish an Eighth Amendment claim."); Williams v. Keane, 940 F. Supp. 566, 571 (S.D.N.Y. 1996) (holding that prison doctor's failure to satisfy inmate's request for a specific

490527.1

6

type of orthotics for his foot pain is at best a medical malpractice claim and does not constitute deliberate indifference).

Here, plaintiff's suit centers on whether plaintiff's insect bite was sufficiently serious at the time that defendants allegedly denied treatment, such that the alleged deprivation of such care rises to the level of a Constitutional Violation. On this record, plaintiff has failed to demonstrate that The Moving Defendants knew of and disregarded an excessive risk to his health or safety, as is required to satisfy the subjective prong of the deliberate indifference test. Indeed, by plaintiff's own admission, The Moving Defendants immediately treated plaintiff's infection once it was diagnosed. Plaintiff has not alleged that at the time he first presented for treatment his insect bite was evidencing signs of infection or that he was having an idiosyncratic reaction to the insect bite, such as an allergic reaction, which would constitute an excessive risk to his health or safety. He alleged only that he was bitten by an insect, he was not treated, and some time later he developed an infection, which was immediately treated. Plaintiff's claim that his insect bite was not timely treated is not actionable under § 1983. At most, the complaint can be construed to articulate a claim for medical malpractice, which does not meet the high standard of deliberate indifference. See Estelle, 429 U.S. at 105–06 (holding doctor's failure to perform x-ray or use additional diagnostic techniques on plaintiff with back injury does not constitute deliberate indifference, but is at most medical malpractice). Accordingly, plaintiff's first and third causes of action against The Moving Defendants should be dismissed.

**B.   Plaintiff has not demonstrated that a policy existed to deny plaintiff of his civil rights.**

In order to hold a municipality or municipal corporation liable as a "person" within the meaning of 42 U.S.C. § 1983, a plaintiff must establish that the municipality adopted a policy or custom and show that a direct "causal connection between that policy or custom and

490527.1

7

the alleged violation of that plaintiff's federally protected rights. See Brown, 520 U.S. at 403-404; Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694 (1978); see also Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)(stating that a mere assertion of a custom or policy is not sufficient to sustain a § 1983 claim against a municipal defendant in the absence of any allegations of fact). Here, plaintiff has alleged in a mere conclusory manner that The City of New York, Catalano as CEO of PHS, Horn as Commissioner of the Department of Corrections (DOC), Campoziello as Deputy Commisioner of the Department of Health and Mental Hygiene (DOHMH), and Okonta as Deputy Commissioner of the DOHMH, knew or should have known of the "well publicized failures of Prison Health Services in delivering professional health care services in correctional institutions." See Exh. "A" at 32.

In order to sufficiently allege the existence of an officially adopted custom or policy, a plaintiff must identify one of the following: (1) a formal policy that is officially adopted or promulgated by the municipality. See Monell, 436 U.S. at 690; (2) an official or officials responsible for establishing final policy with respect to the matter in question took action or made a specific decision which caused the alleged violation of plaintiff's constitutional rights. See Pembaur v. City of Cincinnati, 475 U.S. 469, 483-484 (1986)(plurality); (3) an unlawful practice by subordinate officials so permanent and well settled as to constitute "custom or usage," and proof that this practice was so manifest or widespread as to imply the constructive acquiescence of policymaking officials. See City of St. Louis v. Praprotnik, 485 U.S. 112, 127-130 (1985)(plurality); and Sorlucco v. New York City Police Department, 971 F.2d 864, 871 (2d Cir. 1992). Plaintiffs have not shown the existence of an officially adopted policy which caused the alleged violations. Plaintiffs have not shown that an official responsible for establishing final policy took action which caused the alleged violations. Plaintiff's mere conclusory and

490527.1

8

unsupported allegation that defendants knew or should have known about alleged failures is not sufficient as a matter of law. See Dwares, *supra*. Accordingly, plaintiff's first and second causes of action should be dismissed against The Moving Defendants.

### C. A Plaintiff may not seek relief under Respondeat Superior against a municipality.

The Supreme Court has held that a "municipality cannot be held liable solely because it employs a tortfeasor." Monell v. Dep't of Soc. Servs., 436 U.S. at 690. Instead, Plaintiff must claim that the City is responsible for establishing a policy or custom that directly caused the alleged deprivations of his rights. Id. at 694. Further, supervisory officials may be held liable only on a showing of their personal involvement in the allegedly unconstitutional conduct. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). A plaintiff is prohibited from seeking relief under §1983 against a municipal defendant, or one of its agencies, under a theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. at 691. Plaintiff's second, seventh, eighth, ninth, tenth, eleventh, and twelfth causes of action rely entirely on respondeat superior and should be dismissed.

### D. Plaintiff's state law claims should be dismissed for lack of pendent jurisdiction

As demonstrated herein, plaintiff's federal claims against the Moving Defendants must be dismissed for his failure to state a claim. As a result, this Court, under 28 U.S.C. § 1367(c)(3), should decline to exercise jurisdiction over plaintiff's remaining state law claims. See Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994) (noting lower court was correct in stating that "it is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses federal claims). Under 28 U.S.C. § 1367(a), in any action in which a federal district court has original jurisdiction, "the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction

490527.1

that they form part of the same case or controversy." Under 28 U.S.C. § 1367(c)(3), however, a district court may decline to exercise supplemental jurisdiction over a claim or claims if "the district court has dismissed all claims over which the district court has original jurisdiction." Therefore, should this Court determine that it does not have federal question jurisdiction over the Moving Defendants, plaintiff's state law claims against the Moving Defendants should be dismissed for lack of pendent jurisdiction.

## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that this Court dismiss plaintiff's complaint against THE CITY OF NEW YORK, FRANZ MEDARD, M.D. s/h/a "DR. FRANZ MEDARD," MARTIN HORN, TREVOR PARKS, M.D. s/h/s "DOHMH MEDICAL DIRECTOR TREVOR PARKS," JAMES CAPOZIELLO s/h/a "DOHMH DEPUTY COMMISSIONER JAMES CAPOZIELLO," MICHAEL CATALANO s/h/a "MICHAEL CATALANO, C.E.O. OF PRISON HEALTH SERVICES, INC.," BENJAMIN OKONTA, M.D. s/h/a "DOHMH DEPUTY MEDICAL DIRECTOR BENJAMIN OKONTA" and REBECCA PINNEY s/h/a "DOHMH PROGRAM DIRECTOR REBECCA PINNEY," and grant any further relief that this court may deem just and proper.

Dated: New York, New York
      November 16, 2007

490527.1

10

Respectfully Submitted,

By: _____
JOHN H. BONE (JB8342)
Trial Counsel for Defendants
THE CITY OF NEW YORK, FRANZ MEDARD, M.D. s/h/a "DR. FRANZ MEDARD," MARTIN HORN, TREVOR PARKS, M.D. s/h/s "DOHMH MEDICAL DIRECTOR TREVOR PARKS," JAMES CAPOZIELLO s/h/a "DOHMH DEPUTY COMMISSIONER JAMES CAPOZIELLO," MICHAEL CATALANO s/h/a "MICHAEL CATALANO, C.E.O. OF PRISON HEALTH SERVICES, INC.," BENJAMIN OKONTA, M.D. s/h/a "DOHMH DEPUTY MEDICAL DIRECTOR BENJAMIN OKONTA" and REBECCA PINNEY s/h/a "DOHMH PROGRAM DIRECTOR REBECCA PINNEY,"
Office & P.O. Address
99 Park Avenue
New York, NY 10016
Tel: (212) 286-8585
Fax: (212) 490-8966

To:   Stoll, Glickman & Bellina, LLP
      71 Nevins Street
      Brooklyn, NY 11217
      Attn: Cynthia Conti-Cook

490527.1

11